UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY MERCK,

    Petitioner,

-vs-                                               Case No. 8:13-cv-1285-T-27MAP

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.

_____/

**ORDER**

    This case is before the Court on Petitioner's Motion to Amend Petition for Writ of Habeas Corpus ("motion to amend") (Dkt. 44), Motion to Exceed Page Limitation (Dkt. 45), and Motion to Hold in Abeyance and/or to Permit Amendment ("motion to stay") (Dkt. 46), on Respondent's Response to Petitioner's Motion to Hold in Abeyance and/or Permit Amendment (Dkt. 48), and Motion to Strike Petitioner's First Amended Petition and Memorandum of Law (Dkt. 49), and on Petitioner's Respponse [sic] to Motion to Strike Amended Petition and Memorandum of Law (Dkt. 50), and Reply to Response to Motion to Hold in Abeyance and/or to Permit Amendment (Dkt. 51).

**I. Motion to Amend**

    Petitioner moves to file an amended petition and memorandum of law in support. Respondent opposes Petitioner's request, arguing that the Court should deny leave to file the amended petition because it does not raise any of the four ineffective assistance of counsel claims

which Petitioner asserted (in his motion to appoint substituted counsel) were omitted by post-conviction counsel during initial state collateral proceedings, and which the Court determined may not be procedurally barred from federal review under the limited holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) (see Dkt. 28). Respondent contends that although substitute conflict-free counsel was appointed to develop these four ineffective assistance of counsel claims, she failed to raise them in the proposed amended petition, and merely "rearranged and resubmitted the exact same claims raised in [Petitioner's] original habeas petition." (see Dkt. 49 at pp. 3-4).[1]

The proposed amended petition does not merely reallege the same claims alleged in the original petition. Rather, it reasserts several claims raised in the original petition, drops some other claims, and alleges a few new grounds for relief (see Dkt. 44). Although substitute counsel was appointed to represent Petitioner to conduct an investigation of the four ineffective assistance of counsel claims which may fall within the holding of *Martinez*, substitute counsel was not directed to raise the claims in an amended petition regardless of their merit. Moreover, the Order appointing substitute counsel did not expressly limit counsel's efforts to investigating, developing, and presenting only the four new ineffective assistance of counsel claims (see Dkt. 28). Accordingly, the Court will grant Petitioner leave to file the amended petition.

**II. Motion to Stay**

Petitioner moves the Court to stay the proceedings in this Court and hold his amended petition in abeyance until "the resolution of the motion for investigative funds and his appeal to

---

[1] Respondent further contends that the Court should strike the Amended Petition and memorandum because Petitioner failed to file a "motion for leave to amend as directed by the Court." (Dkt. 49 at p. 4). Petitioner, however, did file a motion for leave to amend his petition (see Dkt. 44).

the FBI in connection with the discovery of the documents and records regarding the serological and DNA analysis." (Dkt. 46 at p. 4).[2] Alternatively, Petitioner requests the Court "permit amendment of his amended petition for writ of habeas corpus." (Id. at p. 1). Respondent opposes the motion, arguing that the motion to stay is a dilatory tactic.

"[A] district court should grant a stay [of a § 2254 petition] only where 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir.2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). On the current record, it would be premature to make any determination regarding whether Petitioner's proposed claims are "potentially meritorious," and state post-conviction counsel's ineffective assistance provides cause for the procedural default of Petitioner's proposed ineffective assistance of counsel claims.

Moreover, the Court cannot conclude that newly-appointed counsel has indulged in "intentionally dilatory tactics." To the contrary, counsel appears to be exercising diligence in attempting to litigate this case. Counsel was appointed on April 7, 2014 (Dkt. 29), and at that time needed sufficient opportunity to review the state and federal record to familiarize herself with the case. A status conference was held on July 1, 2014, at which the Court, among other things, granted Petitioner 90 days within which to seek leave to amend his habeas petition (see

---

[2] On July 18, 2014, counsel for Petitioner made a request under the Freedom of Information Act (FOIA) to the Federal Bureau of Investigation (FBI) to obtain "lab documents, notes and reports" pertaining to serological and DNA testing on a pair of pants found in the car in which Petitioner was riding on the night of the homicide (Dkt. 46 - Attachment A). In response, the FBI sent counsel one letter indicating that the records were destroyed (id. at Attachment B), and a subsequent letter indicating that the FBI was processing Petitioner's request (Id. at Attachment C). On September 2, 2014, Petitioner submitted an appeal from the letter indicating that the records were destroyed (Id. at Attachment D). Counsel avers that she was informed the appeal will be "expedited." (Id. at p. 4).

Dkt. 36). Counsel made the FOIA request on July 18, 2014, and continues to pursue that request. In September 2014, counsel filed motions requesting the Court authorize her to obtain the services of an investigator to attempt to locate and interview witnesses to the homicide whom trial counsel allegedly failed to interview (Dkts. 39, 41). The Court granted the request for investigative services on October 2, 2014 (Dkt. 47).

The Court therefore concludes that a stay for a reasonable time[3] to allow counsel the opportunity to complete her investigation is warranted.[4]

Accordingly, it is **ORDERED** that:

1. Petitioner's Motion to Amend Petition for Writ of Habeas Corpus (Dkt. 44) is **GRANTED**. The Clerk of the Court shall docket No. 44-1 as Petitioner's First Amended Petition, and No. 44-2 as Petitioner's memorandum of law in support of First Amended Petition.

2. Petitioner's Motion to Exceed Page Limitation (Dkt. 45) is **GRANTED**.

3. Petitioner's Motion to Hold in Abeyance and/or to Permit Amendment (Dkt. 46) is **GRANTED**. This action is **STAYED** and **ABATED** until December 1, 2014. Within 30 days thereafter, Petitioner shall file either a motion requesting leave to file a second amended habeas petition (the proposed second amended petition shall be attached to the motion seeking leave to amend), or an appropriate notice with the Court asserting his intent to proceed on the First Amended Petition. Absent good cause, no extensions will be considered.

4. Respondent's Motion to Strike Petitioner's First Amended Petition and Memorandum

---

[3]*See Rhines*, 544 U.S. at 278 (to prevent petitioners from "dragging out indefinitely their federal habeas review," district courts should "place reasonable time limits on a petitioner's trip to state court and back.").

[4]In the October 2, 2014 Order granting Petitioner's Amended Motion for Investigative Services, the Court directed that the "[s]ervices of the investigator shall be completed within 60 days. . . ." (Dkt. 47 at p. 2).

of Law (Dkt. 49) is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, this 27th day of October, 2014.

                                              JAMES D. WHITTEMORE
                                              United States District Judge

SA:sfc
Copy to: Counsel of Record