UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TROY MERCK,

    Petitioner,

-vs-                                                          Case No. 8:13-cv-1285-T-27MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is the Parties' Joint Statement (Dkt. 86) in which the parties contend that this case should be dismissed without prejudice, since Petitioner's death sentence was vacated and a re-sentencing was granted.[1] The court agrees. Because Petitioner will be resentenced, his judgment of conviction is no longer final for purposes of 28 U.S.C. 2254. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) ("there is only one judgment, and it is comprised of both the sentence and the conviction."). His federal habeas petition therefore is no longer ripe for review. *See Rainey v. Sec'y for the Dep't of Corr.*, 443 F.3d 1323, 1329 (11th Cir. 2006) ("when a petitioner files an application challenging, in part, a judgment which is not final, the petition is not ripe for review until that judgment becomes final."), *overruled on other grounds by Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007); *Maharaj v. Sec'y for the Dep't of Corr.*, 304 F.3d 1345, 1348-49 (11th Cir. 2002) (a Section 2254 petition for habeas corpus relief is not ripe for review in federal court where state convictions and sentences have not become

---

[1] At the time Petitioner filed his habeas petition, he was under a death sentence. That sentence was vacated in May 2017 (see Dkt. 86, p. 1, ¶ 3), and Petitioner is waiting re-sentencing.

final).

Accordingly, Petitioner's amended petition for a writ of habeas corpus (Dkt. 53) is **DISMISSED** without prejudice. The **Clerk of the Court** shall close this case.

**DONE and ORDERED** on November 21st, 2017.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record